## STATE v. BARKER.

No. 2018. Decided April 2, 1910 (108 Pac. 352).

WATERS AND WATER COURSES—CHANGE OF CHANNEL—USE OF OLD CHANNEL—FISH PONDS. Where a public stream, abounding in fish valuable for food, flowed across defendant's premises, he was entitled to change the course of the stream over such premises and construct fish ponds in the old bed, without injury to public or private interests, or interfering with the fish in the stream, permitting the water diverted to his fish ponds and hatchery to run undiminished and unpolluted back into the stream. (Page 348.)

Appeal from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by the State against Joseph Barker to abate an alleged nuisance.

Judgment for defendant.    State appeals.

AFFIRMED.

*A. R. Barnes,* Attorney General, for the State.

*J. D. Skeen* for respondent.

McCARTY, J.

This is an action by the State of Utah to abate an alleged nuisance, consisting of a fish hatchery and screens, constructed and maintained by respondent across what was once the natural channel of Huntsville Spring Creek, a tributary of Ogden River, and to enjoin respondent from maintaining said screens and hatchery.    From a judgment rendered in favor of respondent, the State of Utah prosecutes this appeal.

The appeal is upon the judgment roll, and the only error assigned is that the conclusions of law and decree are not justified or supported by the pleadings or the findings of fact.    It appears from the allegations of the complaint and answer, and from the findings of fact, that respondent is the owner of certain real estate in Weber County, consisting of about ninety-seven acres.    Huntsville Spring Creek, which contains about fifteen second-feet of water, flows in a general westerly course across respondent's premises.    This creek is a natural feeding and spawning ground of valuable fishes, and is fed by a large number of small springs arising on respondent's premises.    In addition to the small springs that arise on these premises, there is a large spring known as the "Knudson Spring," which contains a little more than one-half second-foot of water, which flows through a natural channel into the old creek bed of Huntsvills Spring Creek.    The natural channel of Huntsville Spring Creek across respondent's premises was very crooked, and by reason thereof the value of the land was materially lessened for ordinary purposes.    In the year 1906 respondent constructed a dam across the main channel of Huntsville Spring Creek near the east boundary line of his land, and excavated a straighter

channel of sufficient size to carry all the waters of the creek across his premises, and connected it with the old channel near the west end of his land, and has utilized the old channel for a series of fish ponds and a fish hatchery, and has placed in it a large number of screens to prevent the fish in his ponds from escaping to the waters of Huntsville Spring Creek, which are conceded to be public waters of the State of Utah, and to prevent the fish in Huntsville Spring Creek from entering his private fish ponds. The respondent also cleaned out the Knudson spring, excavated ponds, and placed screens at regular intervals in the channel leading from the spring, making it suitable for the propagation and growth of fish. The respondent also, by means of ditches, diverted from the main channel of Huntsville Spring Creek to his private fish ponds a small stream of water, which ran undiminished and unpolluted back into the main channel.

The court made findings in accordance with the facts as we have stated them, and further found "that the new channel constructed across defendant's [respondent's] land is, and at all times mentioned in the complaint has been, open and unobstructed, and is practically as good as the old channel for the feeding and spawning of fish," and further, "that the spring known as the 'Knudson Spring' was, prior to the time defendant [respondent] converted the same into private fish ponds, shallow and unsuitable for the feeding or spawning of fish, and was not inhabited by fish valuable for food." The court also stated in its findings of fact that it was "not satisfied that the screens now in the various streams upon said premises are properly constructed and maintained to accomplish the purposes for which they were intended." As conclusions of law the court found that the respondent had a legal right to change the channel of Huntsville Spring Creek where it crosses his premises, the legal right to use the old channel for private fish ponds, the legal right to clean out the Knudson spring and use it for a private fish pond, and the legal right to divert a reasonable amount of water from Huntsville Spring Creek to his pri-

vate fish ponds, provided he returned it to Huntsville Spring Creek unpolluted and undiminished to any appreciable extent. The court also found, as a conclusion of law, "that a qualified and disinterested person should be named as commissioner to examine and superintend the construction of screens at all points on said premises where fish may, if not prevented, pass from the public waters of the State of Utah to the private fish ponds" of the respondent.

A decree was entered in accordance with the foregoing findings of fact and conclusions of law, and the action dismissed. The decree, however, provides that the court shall retain jurisdiction of the suit for the purpose of exercising supervisory control over the commissioner appointed to superintend the construction of and placing in the ponds and streams mentioned screens necessary to prevent the fish in the Huntsville Spring Creek from entering the private fish ponds of respondent. The contention made on behalf of the state is that where the channel of a public stream, which is a natural feeding and spawning ground of valuable fishes, crosses a person's premises such person cannot lawfully construct a new channel and turn the waters of the public stream into such channel as it crosses his premises, and then utilize the old channel for private fish ponds, regardless of whether the diversion of the stream from the old and natural channel into the new and artificial is in any way detrimental to the feeding, spawning, and growth of fish therein.

We think this contention is unsound. While a person across whose premises a public stream, abounding in fish valuable for food, flows, may not, because of his ownership of the premises, place dams, screens, or other substances in the channel that would tend to interfere with the passage of fish up and down the stream, or do any other act therein prohibited by the fish and game laws of the state, yet we know of no reason why such person should not be permitted to change the course of the stream across his premises, where as in this case, neither public nor private interests are affected by such change. The question

of whether a party across whose land a public stream stocked with fish flows may or may not change the course of the channel of such stream over his premises for the purpose of improving his land and making it more valuable for agricultural or other purposes, where such change would render the stream less suitable for the feeding, spawning, and raising of fish, we are not called upon to determine, as no question of that kind is presented by this appeal. The court having found that the new channel across respondent's land has not interfered, and does not interfere, with the spawning and feeding of fish, that the Knudson spring, prior to the time respondent converted it into a fish pond, was unsuitable for the feeding or spawning of fish, and that the water diverted by respondent from the main channel of Huntsville Spring Creek to supply his fish ponds and hatchery runs undiminished and unpolluted back into the creek, no judgment other than that rendered by the court would be permissible in the case.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and FRICK, J., concur.